FILED'08 SEP 25 14:21 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| AARON BOSTWICK, | ) | |
| | ) | Civil No. 08-199-PA |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GUY HALL, | ) | |
| | ) | OPINION AND ORDER |
| Respondent. | ) | |

Kristina Hellman
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

Hardy Myers
Attorney General
Summer R. Gleason
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

    Attorneys for Respondent

///

1 - OPINION AND ORDER

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of an $800 fine levied against him during a prison disciplinary hearing. For the reasons which follow, the Petition for Writ of Habeas Corpus (#1) is dismissed.

## STANDARDS

This court may summarily dismiss a habeas corpus petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. Motions to dismiss are considered proper pleadings under Rule 4. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990). "Rule 4 of the Rules Governing Section 2254 Cases 'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated.'" *O'Bremski*, 915 F.2d at 420 (quoting *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983)).

## DISCUSSION

The dispositive issue presented in respondent's Motion is whether a prisoner may challenge a monetary sanction from a disciplinary hearing which does not result in additional incarceration. Respondent asserts that the disciplinary fine does not place petitioner "in custody" for habeas corpus purposes,

2 - OPINION AND ORDER

therefore the case should be dismissed. Petitioner disagrees, and argues that because he is already subject to restraints not shared generally by the public, any subsequent fine which is imposed simply becomes another aspect of his physical custody such that the habeas corpus remedy is proper.

Federal habeas corpus law permits prisoners to challenge the validity of convictions under which they are "in custody." *Garlotte v. Fordice*, 515 U.S. 39, 43-44 (1995); *Feldman v. Perrill*, 902 F.2d 1445, 1446 (9th Cir. 1990); *Brock v. Weston*, 31 F.3d 887, 889 (9th Cir. 1994). The custody requirement must be satisfied at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *Feldman*, 902 F.2d at 1448. The habeas corpus remedy is an extraordinary one which is not intended to be used "for cases in which the restraints on liberty are neither severe nor immediate." *Hensley v. Municipal* Court, 411 U.S. 345, 351 (1973).

In this case, there is no question that if petitioner were challenging the fact or duration of his confinement, he would be "in custody" such that 28 U.S.C. § 2254 would be his appropriate remedy. However, petitioner seeks to challenge the imposition of a monetary fine, and does not challenge the validity of his continuing confinement. Although he argues that his status as a prisoner, by itself, renders him "in custody" for any challenge to a monetary fine, the court finds this argument to be unpersuasive. Habeas corpus is reserved for challenges to

3 - OPINION AND ORDER

confinement, not collateral matters which have no effect on the length of a prisoner's incarceration. *See Edmunds v. Won Bae Chang*, 509 F.2d 39 (1975) (a fine does not satisfy the "custody" requirement of § 2254). Accordingly, respondent's Motion to Dismiss is granted.

## CONCLUSION

Respondent's Motion to Dismiss (#15) the Petition for Writ of Habeas Corpus is GRANTED.

IT IS SO ORDERED.

DATED this 24 day of September, 2008.

Owen M. Panner
United States District Judge

4 - OPINION AND ORDER